[Crim. No. 647. Third Appellate District.—January 20, 1923.]

THE PEOPLE, Respondent, v. E. H. DeVAUL, Appellant.

[1] CRIMINAL LAW — MANSLAUGHTER — VERDICT—EVIDENCE—INSTRUC-
TIONS—APPEAL.—In this prosecution for murder, in which the de-
fendant was convicted of manslaughter, although no briefs were
filed in support of the appeal and the attorneys of record for the
defendant did not appear at the time the case was set down for
hearing and argument, the record was reviewed by the appellate
court and the verdict was found to be amply supported and the
rulings and instructions of the trial court free from substantial
error.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was indicted by the grand jury of Mendocino County for the crime of murder, and, on being tried, was convicted of the crime of manslaughter. A motion for a new trial was made in his behalf and the same denied. He appeals from the judgment and the order disallowing his motion for a new trial.

[1] The cause was placed on the calendar of the January term of this court for hearing and argument, and the attorneys of record of the accused duly notified by the clerk of this court of that fact, but no appearance was made for the defendant before this court when the appeal was regu-

larly called for hearing. No brief in support of the appeal was then on file, nor has any since been filed by or for the accused. We have, nevertheless, read the testimony and thus incidentally noticed the rulings upon proffered but challenged evidence and also have read the charge of the court to the jury. Our conclusion from the examination so given the record is that the verdict is amply supported and the rulings and instructions free from substantial error. Indeed, as to the question (if there be such question here intended to be raised) whether the verdict derives sufficient support from the evidence, we are led to observe that, accepting, as we must, the testimony presented by the people as truly disclosing the circumstances attending the commission of the homicide, the jury appear to have been singularly lenient with the accused.

The homicide took place near the town of Willits, in Mendocino County, on the twenty-fifth day of January, 1922. Although the defendant was the father-in-law of the deceased, each, it seems, nursed a violent hatred for the other. They met on the day above named at the home of the defendant's son, and immediately engaged in a bitter altercation, which culminated in a "fist fight," in which, after each had struck the other blows about the face, the two men fell or one or the other was knocked to the ground, with the deceased on the top of the defendant. While they were in this position the deceased beat the defendant about the face and head. A bystander finally persuaded the deceased to cease fighting and to get up, and both men arose to their feet. As the deceased was leaving the spot where the fight took place, and when about six feet from the defendant, the latter drew a revolver and fired at the deceased, the bullet entering the left hip and passing into and through certain parts of the intestines. The deceased fell to the ground and the defendant thereupon stepped to where he was lying and began kicking him about the body, particularly on the head and face. The deceased soon lost consciousness, but prior thereto and while the defendant was still engaged in kicking him, he begged the defendant to cease kicking him and implored him to "let me die in peace." The deceased died the following day from the effects of the bullet wound, aided, perhaps, by the kicking which the defendant had administered to him while he was lying prostrate and helpless

upon the ground. The autoptical report of the doctor making such examination showed that, in addition to the bullet wound, the body of the deceased, including the head and the face, was marked with a number of severe bruises, abrasions and contusions.

The above is a sufficient statement of the facts to confirm the declaration made at the outset that, in finding the defendant guilty of manslaughter, the jury seemed to have shown great, if not unwarranted, mercy to the accused; for, if the evidence, as above outlined, does not bring the defendant's act within the definition of murder of the first degree, the case as made by the evidence, without doubt, borders dangerously close thereto.

The judgment and the order are affirmed.

Burnett, J., and Finch, P. J., concurred.